## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GUIDEONE INSURANCE COMPANY, | |
| Petitioner, | CIVIL ACTION NO. |
| v. | |
| NEW ENGLAND PROPERTY SERVICES GROUP, LLC, | |
| Respondent. | |

## GUIDEONE INSURANCE COMPANY'S PETITION
## TO APPOINT AN APPRAISAL UMPIRE

### INTRODUCTION

1. GuideOne Insurance Company ("GuideOne") and New England Property Services Group, LLC ("NEPSG") are in a dispute as to the amount of an insurance claim arising out of water damage to Lakewood Baptist Church located at 255 Atlantic Avenue, Warwick, Rhode Island 02888.

2. The dispute concerns the selection of an umpire for the appraisal as to the amount of an insurance claim of which NEPSG purports to be the assignee.

3. The Parties designated their respective appraisers.

4. NEPSG's appraiser provided a list of umpires who were not "competent" as required by the Policy and R.I.G.L. § 27-5-3 and demanded that GuideOne's appraiser choose one.

5. GuideOne's appraiser pointed out that NEPSG's appraiser's proposed list consisted of attorneys who handled criminal, personal injury, and/or workers compensation matters, with little to no apparent experience with insurance or construction related disputes.

6. GuideOne's appraiser then provided a list of four potential umpires. Among these

1

individuals were two public adjusters and two building consultants. All four have extensive experience in and knowledge about insurance and construction disputes like the one at issue here.

7.     Approximately thirty minutes after receiving GuideOne's appraiser's list of proposed umpires, NEPSG's appraiser rejected the names, baselessly maintaining that his proposed umpires were qualified "as far as [he] kn[e]w."  NEPSG's appraiser refused to consider any further potential umpires, stating that he "remain[ed] firm on [his] suggestions."

8.     This is not the first time that NEPSG has tried to shoehorn unqualified individuals into an appraisal. For example, *Vermont Mutual v. New England Property Services Group*, the Rhode Island Supreme Court vacated an appraisal award for NEPSG due to the "evident partiality" of NEPSG's appraiser who so happened to be NEPSG's sole owner and operator. 331 A.3d 993, 1003 (R.I. 2025).  Likewise, in *New England Property Services Group v. USAA Casualty Insurance Company*, a Rhode Island trial court reminded the parties that appraisers needed to be competent and disinterested, after NEPSG elected to name a family member as its appraiser.  C.A. No. PC-2023-00130 (R.I. Super. Ct. July 28, 2023).  Indeed, NEPSG has filed countless cases in Rhode Island courts over the past few years demonstrating that it has a pattern and practice of refusing to agree to any umpire candidate, in an attempt to have the court appoint someone of its choice. *See Exhibit 1 – Docketed NEPSG Cases as of Filing.*

9.     Like in those cases, NEPSG is again acting unreasonably in an attempt to tip the scales in its favor.

10.    Given NEPSG's behavior, the Parties have reached an impasse in their efforts to appoint an umpire and the appraisal cannot proceed until an umpire is selected.

11.    The Petition, therefore, seeks an order appointing Michael Deffley, Jeffrey Richard, Adam Crossman, Chris Levy or Daniel F. Sullivan—each of whom has experience with insurance

and/or construction claims and all of whom are well-suited to serve in this matter—as the umpire.

## PARTIES

12.    GuideOne is an insurance company whose principal place of business is located in West Des Moines, Iowa.

13.    NEPSG is a Massachusetts Limited Liability Company that is registered to do business in the state of Rhode Island.

## JURISDICTION AND VENUE

14.    The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

15.    The Court has subject matter jurisdiction over this action pursuant to 9 U.S.C. § 5 because the subject matter of this Petition is an arbitration clause contained in a contract (an insurance policy). *See New England Property Services Group, LLC v. Selective Insurance Company of South Carolina*, C.A. 1:25CV00204 (D. R.I. May 9, 2025) (removed to federal district court on diversity grounds) and *New England Property Services Group, LLC v. Nationwide Property and Casualty Insurance Company*, C.A. 1:24-cv-00235-MSM-LDA (D. R.I. Sept. 3, 2024) (McElroy, J.) (denying motion to remand to state court filed by NEPSG).

16.    The Court also has jurisdiction to appoint an umpire pursuant to the relevant appraisal provisions in the underlying insurance policy's appraisal clause which states in pertinent part:

> *If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire.* **If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located…** (emphasis added*).

17.     The policy's appraisal provision is consistent with R.I.G.L. § 27-5-3 which states:

*Appraisal*

*In case the insured and this company shall fail to agree as to the actual cash value or the of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty (20) days of the demand. The appraisers shall first select a competent and disinterested umpire;* **and failing for fifteen (15) days to agree upon the umpire, then, on request of the insured or this company, the umpire shall be selected by a judge of a court of record in the state in which the property covered is located**. . . . (emphasis added).

18.     Venue is proper under 28 U.S.C. § 1391 because the property subject to appraisal is located within this district.

## ALLEGATIONS

19.     GuideOne issued property policy number 010037161 ("Policy") to Lakewood Baptist Church ("Lakewood"). *See Exhibit 2 – Policy of Insurance.*

20.     The Policy insures Lakewood's interest in the premises located at 255 Atlantic Avenue, Warwick, Rhode Island 02888 ("Subject Premises").

21.     At all times relevant to the present claim, the Policy insured Lakewood's interest in the Subject Premises.

22.     On or about March 14, 2025, the Subject Premises sustained water damage due to a leaking radiator following work performed by a contractor ("Loss").

23.     On or about September 3, 2025, NEPSG made a claim with GuideOne in connection with the Loss ("Claim"). NEPSG also provided an executed "Direction To Pay Form," under which it claimed that Lakewood had assigned all rights and benefits in the Claim to NEPSG

as the purported assignee ("Contract").[1]

24.     GuideOne hired building consultant Jim Slavin as well as Sara Westlake of Keystone Experts and Engineers to inspect, evaluate, and provide a repair estimate for the Loss.

25.     On or about September 20, 2025, Keystone completed its repair estimate, determining the total amount of the Loss to be $139,718.48.

26.     On September 22, 2025, GuideOne paid NEPSG the actual cash value of Keystone's estimate, or $123,734.36.

27.     On or about September 23, 2025, NEPSG submitted a repair estimate totaling $504,935.05.

28.     On September 25, 2025, NEPSG unilaterally declared that there was a failure to agree on the amount of the loss and demanded appraisal, designating Ed Ladouceur ("Ladouceur") to serve as its appraiser.

29.     Upon information and belief, NEPSG regularly designates Ladouceur to serve as its appraiser in Rhode Island matters.

30.     On or about September 26, 2025, GuideOne acknowledged receipt of NEPSG's demand for appraisal and designation of appraiser. GuideOne further requested information from NEPSG regarding Ladouceur's partiality and experience.

31.     NEPSG failed to respond to GuideOne's request for further information regarding Ladouceur.

32.     On October 13, 2025, GuideOne designated Richard Haggis ("Haggis") as its appraiser.

---

[1] GuideOne reserves the right to challenge the legality of this alleged assignment and NEPSG's involvement in handling the Claim to the extent NEPSG, a Rhode Island contractor, has violated the R.I. Gen. Laws § 27-9.1 (Rhode Island Unfair Claims Practice Statute), R.I. Code R. 230-RICR-20-50-4.4, and Rhode Island Department of Business Regulation Public Adjuster Consumer Outreach Notice by acting as an unlicensed public adjuster.

33. On October 14, 2025, Ladouceur sent Haggis a list of three potential umpires.

34. Haggis responded to Ladouceur, advising Ladouceur that he was not familiar with any of Ladouceur's proposed umpires and further stated that none of Ladouceur's proposed umpires appeared to have any insurance or construction related experience. Instead, they all appeared to be either criminal, personal injury, or workers' compensation attorneys.

35. Haggis provided Ladouceur his own list of potential umpires which included two public adjusters and two building consultants.

36. Ladouceur responded within thirty minutes, stating that "as far as [he] kn[e]w," the attorneys he proposed as umpires were qualified. Ladouceur also rejected Haggis' list of potential umpires with no explanation, explaining that he stood "firm" regarding his proposed choice. Ladouceur further advised that, unless Haggis agreed to one of Ladouceur's proposed umpires, the two will have "reached an impasse regarding the selection of an Umpire for this claim."

37. Due to their apparent lack of competence, i.e., their lack of experience in connection with insurance and construction matters, Haggis did not select any of Ladouceur's proposed umpires.

38. On October 20, 2025, Haggis informed Ladouceur that he agreed the Parties had reached an impasse.

39. As such, the Parties have reached an impasse.

**REQUEST FOR RELIEF**

WHEREFORE, GuideOne hereby respectfully requests that this Honorable Court order NEPSG to proceed with arbitration as required by the Policy and R.I.G.L. § 27-5-3. GuideOne further requests that this Honorable Court, pursuant to its authority pursuant to 9 U.S.C. § 5, designate an umpire from the following list of qualified and impartial individuals:

Michael Deffley
Iovino Appraisal Services

Jeffrey M. Richard
Licensed Public Adjuster – RI/MA
JMR Adjustment Service Inc.

Adam Crossman
YA Group

Chris Levy
DND Construction

Daniel Sullivan, Esq.
Robinson & Cole

Respectfully submitted,
**GuideOne Insurance Company**,

By its attorneys,

*/s/ Paul S. Callaghan*
Paul S. Callaghan
Higgins, Cavanagh & Cooney, LLP
10 Dorrance Street, Ste. 400
Providence, RI 02903
pcallaghan@hcc-law.com

*/s/ Seth V. Jackson*
Seth V. Jackson (*pro hac forthcoming*)
Zelle LLP
161 Worcester Road, Ste. 502
Framingham, MA 01701
sjackson@zellelaw.com

7